DAVIS ALDRICH *v*. ROGER DRURY.

A railroad company, or any contractor employed by them to build a railroad may use any material removed by them in grading the road, either in the adjacent or, it seems, in other localities, but they have no right to sell such material to third parties.

ASSUMPSIT for price of stone excavated in building a railroad on land of plaintiff and sold by defendant. This cause was

tried by the court without the interventionof a jury, upon evidence and argument of counsel, though without briefs.

*Edwin Aldrich* for *plaintiff.*

*Thurston, Ripley and Co.* for *defendant.*

The facts and points taken sufficiently appear in the opinion of the court delivered by DURFEE, J.

This action was principally brought for moneys received by the defendant in payment for certain stone which the plaintiff claims to have been his property. It appears from the testimony that the plaintiff was the owner of a tract of land over which a railroad had been located, and that the defendant had contracted to construct a section of the road. While the defendant, in pursuance of his contract, was excavating the plaintiff's land, he struck a ledge of rock or stone, which it was necessary for him to remove in order to prepare the road bed. The defendant testifies that he asked leave of the plaintiff to deposit the stone on the plaintiff's land, and was refused; and that it was only after such refusal that he sold the stone, with the assent of the Railroad Company, and under an agreement with them to supply an equivalent for the use of the road in earth. He also testifies that he quarried and sold only so much of the stone as was necessary to make the cut for the road bed. The plaintiff in his testimony denies that he refused the defendant permission to deposit the stone on his land, or that it was asked of him before the stone was sold ; and he now claims the proceeds of the sale. The case was tried to the court on the law and facts—the jury trial being waived.

In this case it is not claimed that the railroad company had acquired any right or interest in the land within their location, beyond what such companies usually acquire, which is a right or interest limited to the purposes of the road. Rev. Stat. Ch. 130, Sect. 17 ; Redfield on Railw. (2d ed.) § 69. This, however, entitles them to use as much of the earth, gravel and stone within their location as they may need for the construction and maintenance of the road, and as it would seem, to carry the same from one point to another of the road as those uses may require. *Henry* v. *The Dubuque and Pac. R. R.*, 2 Clarke, (Iowa)

R. 288 ; *Chapin* v. *The Sullivan R. R. Co.*, 39 N. H. 564.

The property which they have in the land within their location has been likened to that which the public has in a highway ; but, owing to the peculiar purposes to which it is subservient, it is and must be in practical effect much more absolute and exclusive. *Hagen* v. *B. & M. Railway*, 2 Gray, 574 ; *Conn. & Pass. River R. R.* v. *Holton*, 32 Vt. 44 ; Redfield on Railways, (2d ed.) § 69. But, nevertheless, it does not extend beyond the exigencies of the road, and, therefore, while it entitles the company to use the earth gravel and stone within their location for all railway purposes, it does not entitle them to sell any such material. To allow them to sell would be to allow an abuse of their privilege to take land by compulsory process; for the privilege is accorded on the ground that the land is taken for a public use—a railroad being deemed such—and not to sell again either wholly or in part. It is urged in justification of the defendant, that it was necessary, in bringing the road to grade, to make the cut and remove the stone. This may be, but, in order to do this, it was not necessary for him to sell the stone ; and when he did sell the stone, under the sanction of the company, he did that which neither he nor the company had the right to do. Except for the purposes of the road, the stone belonged to the plaintiff; and, therefore, when, with the assent of the company, the defendant sold it, he sold the property of the plaintiff. Accordingly, we think the plaintiff, waiving the tort, may recover the proceeds of the sale in this action.

[NOTE.—There were other questions in the case, but not considered of sufficient general interest to be considered in the written opinion.]